IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: RIO VALLEY MOTORS CO. LLC,

    Debtors.

WILLIAM L. NEEDLER, Attorney for the Debtor,

    Appellant,

vs.                                                  No. 07-CV-1271 JH/ACT

FORD MOTOR CREDIT, et al.,

    Appellees.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION ON BANKRUPTCY APPEAL**

**THIS MATTER** comes before the Court on appeal of a decision of the United States Bankruptcy Court for the District of New Mexico. The appeal is filed by William L. Needler, attorney for the debtor, in *In re Rio Valley Motors Co., LLC,* No. 06-11866-s11, pursuant to 28 U.S.C. § 158(a).

Appellant challenges the rulings of United States Bankruptcy Judge James S. Starzynski in the court's August 29, 2007, Order Denying Debtor-In-Possession's Application to Employ William L. Needler as Chapter 11 Counsel and the court's December 3, 2007, Order Denying Motion to Reconsider Order Denying Debtor-In-Possession's Application to Employ William L. Needler as Chapter 11 Counsel.

Pursuant to 28 U.S.C. § 158(c)(1)(A), Appellant elected to have his appeal heard by this Court rather than the United States Bankruptcy Appellate Panel. The case was referred to the undersigned Magistrate Judge for analysis and recommended disposition pursuant to 28 U.S.C. §

636(b)(1).  For the reasons given below, the Court recommends that the appeal be dismissed for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  On October 13, 2006, Debtor Rio Valley Motors Company, LLC ("Debtor") filed the Chapter 11 bankruptcy case, *In re Rio Valley Motors Company, LLC,* No. 06-11866-s11, United States Bankruptcy Court for the District of New Mexico.  On that same day, Debtor, through William L. Needler, filed a Motion for William L. Needler to Appear Pro Hace Vice, an Application to Employ: William L. Needler as Debtor's Attorney and a Statement of Attorney Fees Filed by Debtor. [Doc. Nos. 4, 5 and 6 in *In re Rio Valley Motors Company,* United States Bankruptcy Court, No. 06-11866-s-11 (which proceeding will hereinafter be cited as 06-11866-s11)].  However, a hearing or disposition without hearing was not secured on the application for employment as required by Local Bankruptcy Rule 9013-1.

2.  The New Mexico Local Bankruptcy Rules ("LBR") set forth a specific procedure that must be followed in order to obtain a ruling on a motion.  Pursuant to LBR 9013-1(c)(1), the movant is required to file with the motion a notice "identifying the motion and describing the relief sought, stating that if no objection is timely filed with the clerk and served upon the movant, the court may enter an order granting the relief without hearing."  If an objection is filed, the movant shall request a hearing in conformance with the LBR.  *Id.*  If no objection is filed, the movant is to submit a form of order to the court.  *Id.*  A movant may also call the judge's chambers and request a hearing or file a request for hearing.  LBR 9013-1(c)(2).  Or, "with permission of the court, a hearing may be obtained prior to filing a motion, such that notice of the hearing may be sent with the motion."  LBR 9012-1(c)(3).

3. On March 18, 2007, Appellant filed an Amended Statement of Attorney Fees by Debtor's Attorney Pursuant to 11 U.S.C. § Section 329 and Bankruptcy Rule 2016(B). [Doc. No. 130 in 06-11866-s11]. On May 17, 2007, Debtor's local counsel, William L. Reardon, submitted a notice of deadline to file objections to Appellant's application for employment pursuant to LBR 9013-1. [Doc. No. 172 in 06-11866-s11]. Valley National Bank objected to Appellant's application. [Doc. No. 175 in 06-11866-s11]. On July 2, 2007, a hearing was held on the application for employment and the Clerk's Minutes indicate that the matter was taken under advisement. [Doc. No. 202 in 06-11866-s11]. In an Order filed by the Court on August 29, 2007, the Court stated:

> What all this means is that even now Counsel has not fully disclosed the source of payments it has received. The consequence of the continuing failure of disclosure is that the Court cannot approve Counsel's employment, at least not yet.
>
> IT IS THEREFORE ORDERED that within fifteen days from the entry of this order counsel shall file a supplement to the amended application and Rule 2016 statement (doc 130) and notice it out to all parties in interest, with a twenty-day deadline to raise further objections to Counsel's employment. The amendment shall disclose (1) who Carlos Trujillo and Olivia Lopez are, (2) what are their relationships to the Debtor, any insider of the Debtor, or Counsel, and (3) what are the expectations of Carlos Trujillo and Olivia Lopez concerning repayment of the sums advanced to Counsel both prepetition and post petition. If the additional disclosure does not disclose any conflicts or other problems for the estate . . . the court will approve the employment of Counsel as of the date of the amended disclosure required by this order.

Order Denying Debtor-In-Possession's Application to Employ William L. Needler as Chapter 11 Counsel. [Doc. No. 216 in 06-11866-s11].

4. On September 10, 2007, Appellant filed a motion to reconsider the Order of August 29, 2007. [Doc. No. 220 in 06-11866-s11]. In that motion, Appellant requested the Bankruptcy Court to reconsider its Order of August 29, 2007, "which among other things, denied employment to this Debtor's Attorney." *Id.* Appellant also asked the bankruptcy court to grant Appellant an Order of

Employment *nunc pro tunc* to October 13, 2006. *Id.* In denying Appellant's motion for reconsideration, the Court found, *inter alia*, that Appellant failed to set forth any exceptional or extraordinary circumstances that would allow *nunc pro tunc* approval in this case. [Doc. Nos. 242 and 243 in 06-11866-s11].

5. On September 13, 2007, Appellant filed a First Amended Statement of Attorney Fees Pursuant to 11 U.S.C. § Section 329 and Bankruptcy Rule 2016(b) as requested by the bankruptcy court in its August 29, 2007, Order. [Doc. No. 225 in 06-11866-s11]. However, Appellant did not comply with the remainder of the Order and "notice it out to all parties in interest, with a twenty-day deadline to raise further objections to Counsel's employment." [Doc. No. 242 in 06-11866-s11]. Appellant did include a "Notice of Filing" as an attachment to his pleading but it did not comply with the August 29, 2007, Order or LBR 9013-1. The First Amended Statement of Attorney Fees [Doc. No. 225 in 06-11866-s11] is still pending on the Bankruptcy Court's docket.

6. On December 13, 2007, Appellant filed a Notice of Appeal and a Statement of Election to Have Appeal Heard by District Court. [Doc. Nos. 245 and 256 in 06-11866-s11]. Appellant's Pro Se Opening Brief on Appeal was filed on April 6, 2008. [Doc. No. 8]. Appellant appeals the two orders of the Bankruptcy Court "denying employment to William L. Needler." *Id.* Both Valley National Bank and Ford Motor Credit Co. filed answer briefs. [Doc. Nos. 10 and 11].

## LEGAL ANALYSIS

7. With consent of the parties, the Court has jurisdiction to hear appeals from final judgments, orders or decrees of the bankruptcy court. 28 U.S.C. § 158. However, the Court does not reach the merits of this appeal, as it has determined that appellate jurisdiction is not present.

*Lopez v. Behles (In re Am. Ready Mix, Inc.),* 14 F.3d 1497, 1499 (10th Cir.) ("this court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it).

8. An order is final and appealable under 28 U.S.C. § 158 if it ends the dispute on the merits and leaves the court with nothing to do but execute the judgment. *In re Hatcher,* 208 B.R. 959, 966 (10th Cir. BAP 1997), *aff'd.*, 133 F.3d 932 (10th Cir. 1998). Non-final orders may also be appealable under the collateral order exception. *Utah ex rel. Utah State Dep't Heath v. Kennecott Corp.,* 14 F.3d 1489, 1492 (10th Cir. 1994).

9. The collateral order exception applies when an order conclusively determines a disputed question and resolves an important issue separate from the merits of the action and the party can show that it would suffer irreparable harm if immediate appeal is not granted. *Richardson-Merrell, Inc. V. Koller,* 472 U.S. 424, 430-31 (1985).

10. In this case, there has been no final order entered regarding Appellant's Application for Employment. Without ruling one way or another on Appellant's application for employment, the bankruptcy court stated in its order of August 29, 2007, that it needed more information from Appellant and directed Appellant to file a supplemental pleading. [Doc. No. 216 in 06-11866-s11]. The Court specifically stated that if the supplemental pleading did not disclose conflicts or other problems for the estate, the court would approve appointment of Counsel. *Id.* Appellant did file a supplemental pleading as requested by the Bankruptcy Court [Doc. No. 225 in 06-11866-s11], but failed to comply with the rest of the Court's order or the LBR and did not "notice it out to all parties in interest, with a twenty-day deadline to raise further objections to counsel's employment." *Id.* Because the order of August 29, 2007, is not a final order, the Court recommends that the appeal from that order be dismissed for lack of jurisdiction.

11.  On December 3, 2007, the Bankruptcy Court denied Appellant's motion for reconsideration.  [Doc. Nos. 242 and 243 in 06-11866-s11].  In his motion for reconsideration, Appellant, for the first time, argued that his employment award should be entered *nunc pro tunc* to October 13, 2006. [Doc. No. 220 in 06-11866-s11].  In denying the motion the bankruptcy court found that Appellant failed to set forth any exceptional or extraordinary circumstances that would allow *nunc pro tunc* approval in this case. [Doc. No. 242 in 06-11866-s11].

12.  In *Spears v. United States Trustee,* 26 F.3d 1023, 1024 (10th Cir. 1994), an appeal from a district court order affirming a decision of the bankruptcy court which granted appointment of counsel but only prospectively and denied compensation for prior services (counsel had requested a retroactive appointment to cover earlier legal work), the Court held that, "Orders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable until final disposition of the proceeding."  The 10th Circuit dismissed the appeal on the grounds that appellate jurisdiction was lacking over the challenged rulings because they were not final orders.  *Id.*  The Court's rationale was that "counsel's employment is ongoing and the dispute ultimately comes down to the temporarily restricted but as yet undetermined amount of his compensation."  *Id.*

13.  Similarly, in *In re Union Home and Industrial, Inc.*, 376 B.R. 298 (10th Cir. BAP 2007), counsel appealed an order granting her prospective employment but denying any employment prior to the date of the order.  The Bankruptcy Appellate Panel held that the order on appeal was neither a final order nor subject to the collateral order exception and dismissed the appeal for lack of jurisdiction.

14.  In discussing the finality of the order, the court noted that the bankruptcy court had not yet made a final fee award to counsel and that counsel still had an opportunity to submit fee requests

for the period covered by the disputed order as well as fee requests for the remainder of her services. *In re Union Home and Industrial, Inc.,* 376 B.R. at 303. The court stated that because the order was capable of revision by the bankruptcy court, it was not suitable for review. *Id.* As to the collateral order exception, the court pointed out that the third requirement of that exception, that the party will suffer irreparable harm if immediate appeal is not granted, was not met because the issue would be reviewable once the bankruptcy court entered a final order on allowable fees. *Id.*

15. In the instant case, the bankruptcy court has not made a final ruling on Appellant's application for employment much less an award of fees. A final, appealable order has not been entered. As to the collateral order exception, the third requirement has not been met. Appellant will not suffer irreparable harm if an immediate appeal is not granted. The issues Appellant has presented to the Court will be reviewable once the bankruptcy court enters a final order on his application for employment and, if the application is granted, the allowable fees.

16. Because the bankruptcy court's ruling on the motion for reconsideration, including Appellant's request for an order of employment *nunc pro tunc,* is not a final order and does not fall within the collateral order exception, the Court recommends that the appeal from the bankruptcy court's order of December 3, 2007, be dismissed for lack of jurisdiction.

## CONCLUSION

The Court recommends that Appellant's appeal be dismissed for lack of jurisdiction.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Finding and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Alan C. Torgerson**
**UNITED STATE MAGISTRATE JUDGE**